# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONALD ALAN LUPI,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:08-CV-2477-T-30EAJ
Crim. Case No: 8:05-CR-131-T-30MSS

## ORDER

Petitioner initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence on December 12, 2008, pursuant to 28 U.S.C. §2255 (cv-Dkt. #1).[1] Petitioner is challenging his December 31, 2007 conviction entered by the United States District Court. (cr-Dkt. 162).[2] Respondent has filed a response to the motion (cv-Dkt. # 8) and Petitioner did not reply. This matter is now before the court for consideration on the merits of the motion.

## BACKGROUND

On April 6, 2005, a federal grand jury indicted Petitioner on one count of willfully attempting to evade and defeat an income tax in violation of 26 U.S.C. §7201 and five counts of willfully failing to file an income tax return, contrary to 26 U.S.C. §7203. (cr-Dkt. # 1).

---

[1] References to 8:08-cv-2477-T-30EAJ will be cited as (cv Dkt. #__) and the appropriate docket number.

[2] References to 8:05-cr-131-T-30MSS will be cited as (cr Dkt. #__) and the appropriate docket number.

On September 26, 2007, the case proceeded to a bench trial on stipulated facts. (*Id*. at #146, #154, #155). Petitioner appeared with counsel, and at the start of trial, Petitioner's counsel made a motion to withdraw as attorney of record. (cr-Dkt. #189 at 3). Counsel's motion was made based on recommendation of the Florida Bar after Petitioner filed a formal complaint against counsel for refusing to file certain documents. (cr-Dkt. #189 at 3). The Court questioned Petitioner as to his desire to have counsel withdraw, and Petitioner ultimately conceded that there was no reason for counsel to retire as attorney of record. (cr-Dkt. #189 at 3-4).

As a preliminary matter, Petitioner's signed waiver of jury trial was introduced. (cr-Dkt. #189). Upon questioning from the court, Petitioner stated that "I fully understand, and I've acknowledged the form of the authorized representative waiving all rights of benefits, privileges and your trial by jury." (cr-Dkt. #189 at 11). Petitioner further acknowledged that he was aware of the advantages and disadvantages of a jury trial and had discussed all such issues with counsel. (cr-Dkt. #189 at 11-12). Both parties waived their right to make opening arguments and the only evidence proffered to the court was the signed waiver of jury trial, and the stipulated facts. (cr-Dkt. #189at 13-14). The Court reviewed the evidence and found Petitioner guilty on all counts. (cr-Dkt. #189 at 13-14).

Petitioner was sentenced on December 18, 2007. At sentencing, Petitioner agreed to the facts included in the Presentence Report. (cv-Dkt. #7 at 3). Petitioner made only one objection to the report regarding an increase in the offense level. (cv-Dkt. #7 at 4-7). The objection was overruled and Petitioner was sentenced to 24 months in prison, 36 months of

supervised release, and ordered to pay $631,970.00 in restitution. (cv-Dkt. #7 at 12-14). Petitioner did not appeal his conviction. Subsequently, on December 12, 2008, a month and a half before Petitioner's release from prison, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence. (cv-Dkt. #1).[3]

**DISCUSSION**

28 U.S.C. §2255 allows a prisoner in custody[4] under sentence of a court to request review of the sentence when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or when (4) "otherwise subject to collateral attack." 28 U.S.C. §2255. In his §2255 Motion, Petitioner raises two grounds for relief, ineffective assistance of counsel and "misprison of felony."

Timeliness

Petitioner's conviction became final on December 31, 2007, when time to file an appeal passed. Therefore Petitioner had until December 31, 2008, to file his 2255 motion. Petitioner filed his motion on December 12, 2008 and thus his motion is timely under 28 U.S.C. §2255.

---

[3] Defendant was released from Coleman Federal Correctional Complex on January 12, 2009 and is currently believed to be serving a three year term of supervised release. (Federal Bureau of Prisons Inmate Locator).

[4] Since the time of filing his motion, Petitioner has been released from prison. Petitioner is currently serving three years of supervised release and therefore is still under sentence and considered "in custody" for purposes of §2255. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (holding that "our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus...for example, we held that a prisoner who had been placed on parole was still 'in custody'").

**Merits**

**A. Ineffective Assistance of Counsel**

It is well settled that a claim for ineffective assistance gives rise to a constitutional issue and is cognizable under 2255. *Lynn v.* U.S. 365 F.3d 1225, 1234 (11th Cir. 2004); *U.S. v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Furthermore, in *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the Supreme Court held that the right to effective and competent counsel is paramount to the protections granted by the sixth amendment. In order to successfully bring a §2255 claim for ineffective assistance of counsel, the petitioner must first prove that "counsel's performance was deficient," then make a showing that the counsel's deficient performance prejudiced the petitioner in some way. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* Court further held that in order to satisfy the deficiency requirement, the petitioner must prove that counsel's "performance fell below an objective standard of reasonableness...under prevailing professional norms." *Id*. at 688. Furthermore, in order to successfully meet the prejudice requirement, the petitioner must prove that there is a "reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The burden of establishing ineffective representation rests on the moving party; and such a showing must be made by a preponderance of competent evidence. *U.S. v. Cronic*, 466 U.S. 648, 658 (1984); *Chandler v. U.S.*, 218 F.3d 1305, 1313-14 (11th Cir. 2000). The burden that petitioners face in §2255 cases is undeniably onerous, as was demonstrated by the Eleventh Circuit Court of Appeals in *Chandler* when the court held that the petitioner

must "establish that no competent counsel would have taken the action that his counsel did take." *Id*. at 1315. *See also Strickland*, 466 U.S. at 689 (holding that "judicial scrutiny of counsel's performance must be highly deferential...a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

In the present case, Petitioner's complaint fails to meet the two prong test set forth in *Strickland*. In his motion, Petitioner states that:

> Counsel failed/ refused to settle/ close account/ case Stipulation/ Contract (on the record), which counsel was a party to. Failed to respond to seek settlement. Stipulation evidenced tender, sureties and acceptance. Failing to make court take notice of the items further stipulated by the parties. Additionally, Forms 1099OID & 1099A are on file with IRS. (cv-Dkt. #1).

Petitioner's motion does not specifically address the facts to which the motion refers as being "further stipulated," or the circumstances surrounding counsel's refusal to "settle." Rather, Petitioner's Motion offers only general conclusory assertions. In particular, Petitioner's Motion does not address any instances of conduct which rise to the level of incompetence as required by *Strickland*. Petitioner's Motion fails to establish that counsels performance "fell below an objective standard of reasonableness," and therefore fails to meet the first prong of the *Strickland* test. *See e.g., Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that unsupported allegations that lack "factual substantiation" and are conclusory in nature cannot support an ineffective assistance of counsel claim"); *Gustave v. U.S.*, 627 F.2d 901, 904 (9th Cir. 1980) (holding that it requires more than "mere criticism of a tactic of strategy" to successfully win a claim for ineffective assistance).

Petitioner's motion also fails to establish that he suffered any prejudice as a result of counsel's performance. Petitioner waived his right to a jury trial and stipulated to the facts. Counsel's role was limited in nature and consisted of representing to the court Petitioner's sole contention and belief "that the document served on the notary seal to the court and/or its office chambers is the only matter before the court and should be ruled on for settlement and closure of account." (cv-Dkt. # 8 at 5). The court considered Petitioner's argument and adjudged the Petitioner guilty. At the sentencing hearing, counsel made a §3553 argument on Petitioners behalf and requested a sentence of 24 months at the low end of the sentencing guidelines. *Id*. at 6. The government did not object and the court gave a low end sentence. *Id*.

Petitioner's motion does not specify how he was prejudiced by counsels performance, but instead makes only broad, general conclusory statements. Petitioner fails to establish "that but for counsel's unprofessional errors, the result of the proceeding would have been different;" and therefore does not meet the second prong of the *Strickland* test. *See e.g.*, *Chandler,* 218 F.3d at 1314-15 n. 15 *quoting Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999) (holding that " where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment"); *U.S. v. Duhart*, 269 F.2d 113, 115 (2d Cir. 1959) (holding that "trial strategy, even if it proves unsuccessful, is an inadequate basis for an attack on the competence of counsel"); *U.S. v. Nolan*, 571 F.2d 528 (10th Cir. 1978) (holding that "mistakes of judgment on the part of counsel, or mistakes of tactics, strategy or policy

in the course of the criminal trial do not constitute grounds for a later collateral attack by way of motion to vacate sentence")

**B. "Misprison of Felony"**

Petitioner also alleges and states in his motion that the "court accepted stipulation of parties, evidence/exhibits of tender, Notorial evidence and still proceeded against Defendant contrary to Contract. By acceptance no detainment is/was in order as agreement is/was binding on court." (cv-Dkt. # 1). While it is not exactly clear from the Petitioner's motion, it appears that Petitioner believes, by stipulating to the facts, a contract was entered into with the government in which imposition of detainment or incarceration was waived. Petitioner's assumption is unfounded. Petitioner's motion fails to adequately describe when or where such a contract was entered into. Petitioner's motion makes only general conclusory statements of such a contract without providing any information on how or why such a belief was formed. Additionally, the government does not acknowledge any such contract was ever entered into. Because Petitioner cannot cite when, where, why or how such a contract was reached, Petitioner cannot reasonably assert that a contract was entered into thereby waiving imposition of incarceration. *See David v. U.S.*, 134 F.3d 470, 478 (1st Cir. 1998) (holding that "a petitioner must do more than proffer gauzy generalities or drop self serving hints that a constitutional violation lurks in the wings").

Respondent expresses a belief that Petitioner is contesting the courts jurisdiction to impose sentence. While the Court does not necessarily agree with Respondent that the court's authority to impose sentence is a crux of Petitioner's argument, the government's

response does correctly state that pursuant to 18 U.S.C. §3231 the court has proper jurisdiction to sentence the Petitioner. *See McCoy v. United States*, 266 F.3d 1245, 1252 (11th Cir. 2001) (holding that "an indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case").

## **CONCLUSION**

Having reviewed the record, arguments presented by the parties, applicable statutes and controlling case law in this circuit, the Court finds that Petitioner has not met the criteria for relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court ORDERS that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (cv-Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#185, in the underlying criminal case, case number 8:05-CR-131-T-30MSS.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2008\08-cv-2477.deny 2255.wpd